IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LORRAINE FAVILA**                                                              **PLAINTIFF**

vs.                                          No. 5:19-cv-1442

**CATTO & CATTO, LLP, CATTO &**                               **DEFENDANTS**
**CATTO BENEFITS GROUP, LLC, and**
**CATTO & CATTO, INCORPORATED**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Lorraine Favila ("Plaintiff") by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint against Defendants Catto & Catto, LLP, Catto & Catto Benefits Group, LLC, and Catto & Catto, Incorporated (collectively "Defendants"), and in support thereof, she does hereby state and allege as follows:

## I.   PRELIMINARY STATEMENTS

1.      Plaintiff brings this action against Defendants for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.      Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorney's fee as a result of Defendants' policy and practice of failing to pay Plaintiff proper overtime wages under the FLSA within the applicable statutory limitations period.

3.      Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra.*

## II.  JURISDICTION AND VENUE

4.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Defendants do business in this district and a substantial part of the events alleged herein occurred in this District.

6.      The witnesses to overtime wage violations alleged in this Complaint reside in this District.

7.      Upon information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

8.      The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

9.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10.     Plaintiff is a citizen and resident of Bexar County.

11.     Plaintiff worked for Defendants as a Billing and Eligibility Team Lead within the three (3) years preceding the filing of this Complaint.

12.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

13.     Separate Defendant Catto & Catto, LLP, is a domestic limited liability partnership headquartered in San Antonio.

14.     Separate Defendant Catto & Catto, LLP, has not identified a registered agent for service.

15.     Separate Defendant Catto & Catto Benefits Group, LLC, is a domestic limited liability company headquartered in San Antonio.

16.     Separate Defendant Catto & Catto Benefits Group, LLC's, registered agent for service of process is Doug Dunlap, Jr., at 106 South St. Mary's Street, Suite 800, San Antonio, Texas 78205.

17.     Separate Defendant Catto & Catto, Incorporated, is a domestic for-profit corporation headquartered in San Antonio.

18.     Separate Defendant Catto & Catto, Incorporated's registered agent for service of process is James L. Hayne, Jr., at 217 E. Houston Street, Suite 100, San Antonio, Texas, 78205.

19.     Defendants own and operate a business which provides insurance, risk management, surety, and other wellness solutions to its clients.

20.     Defendants' principal address is 106 South St. Mary's Street, Suite 800, San Antonio, Texas 78205.

21.     Defendants are "employers" within the meanings set forth in the FLSA, and were, at all times relevant to this Complaint, Plaintiff's employers.

22.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

23.     Upon information and belief, the revenue generated from the insurance business was merged and managed in a unified manner.

24.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

25.     Defendants' annual gross receipts or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of this Complaint.

26.     Defendants have at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

## IV.     FACTUAL ALLEGATIONS

27.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

28.     Plaintiff worked for Defendants from approximately May of 2015 until September of 2019.

29.     Plaintiff worked as a Billing and Eligibility Team Lead and was classified as a salaried employee from May of 2017 until January of 2019.

30.     Upon commencement of work for Defendants, Plaintiff did not sign any contract of employment setting forth her hours or wages.

31.     In performing her services for Defendants, Plaintiff was not required to utilize any professional education relevant to her job duties.

32.     Plaintiff's primary duties as a Billing and Eligibility Team Lead were completing audits and evaluating client eligibility for benefits.

33.     During her employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

34.     Plaintiff did not select any employees for hire, nor did she provide any formal training for any employee.

35.     Plaintiff had no ability to hire and fire any employee.

36.     Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

37.     Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

38.     Plaintiff did not have any responsibility for planning or controlling budgets.

39.     As a salaried employee, Plaintiff regularly worked over fifty (50) hours per week.

40.     As a salaried employee, Plaintiff's pay did not fluctuate regardless of how many hours she worked.

41.     Defendants knew or should have known how many hours Plaintiff worked because Defendants assigned the work and supervised Plaintiff.

42.     Plaintiff did not receive an overtime rate of one and one-half times her regular hourly rate for hours worked in excess of forty (40) per workweek from May of 2017 until January of 2019.

43.     Plaintiff and Defendants had no agreement that her salary was intended to cover all hours worked.

### V.  CLAIM FOR RELIEF—Violation of FLSA

44.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth herein.

45.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

46.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

48.     Defendants intentionally misclassified Plaintiff as exempt from overtime compensation.

49.     Defendants deprived Plaintiff of overtime compensation for all hours over forty (40) per week in violation of the FLSA.

50.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

51.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial Complaint.

52.     Alternatively, should the Court find that Defendants acted in good faith in

failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lorraine Favila respectfully prays for declaratory relief and damages as follows:

A.    That each Defendant be summoned to appear and answer herein;

B.    That Defendants be required to account to Plaintiff and the Court for all hours worked by Plaintiff and all monies paid to her;

C.    A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F.    Judgment for liquidated damages pursuant to the FLSA and its relating regulations;

G.    An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorneys' fees, and all costs connected with this action; and

H.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF LORRAINE FAVILA**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com